UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Eric A. Klaysmat, | File No. 24-CV-04531 (JMB/LIB) |
| Plaintiff, | |
| v. | ORDER |
| Northeast Regional Corrections Center; Sally Tarnowski, *Chief Judge Sixth Judicial District*; Kathy Lionberger, *Division Director of Northeast Regional Corrections Center*; Patrick Krause, *Chief of Security of Northeast Regional Correctional Center*; St. Louis County Court House; Bhupesh Pattni, *Judge, St. Louis County Court*; Rachel Sullivan, *Judge, St. Louis County Court*; Amy Turnquist, *Court Administrator, St. Louis County Court*; Jeffery Vlatkovich, *Asst. St. Louis County Atty*, | |
| Defendants. | |

---

This matter is before the Court on the Report and Recommendation (R&R) of United States Magistrate Leo I. Brisbois, dated February 27, 2025 (Doc. No. 6), which recommends dismissal of Plaintiff Eric A. Klaysmat's Complaint for failure to prosecute his case, denial of Klaysmat's application to proceed in forma pauperis (IFP Application), and denial of Klaysmat's motion for a hearing. Klaysmat filed an objection to the R&R. (Doc. No. 7.) For the reasons explained below, the Court will overrule the objection, adopt the R&R, and dismiss this action.

1

## BACKGROUND

The factual background for this matter is accurately set forth in the R&R and is incorporated here by reference.

On December 17, 2024, Klaysmat filed his Complaint, in which he alleges that Defendants violated his constitutional rights during a period of incarceration at the St. Louis County Jail. (*See* Doc. No. 1.) That same day, he also filed an incomplete IFP application in lieu of paying a filing fee. (Doc. No. 2.)

On January 13, 2025, the Magistrate Judge issued an Order requiring Klaysmat to submit an amended IFP Application. (Doc. No. 4.) Specifically, the Magistrate Judge observed that Klaysmat's initial IFP Application was "substantially incomplete," and, as a result, the Magistrate Judge was unable to determine whether Klaysmat qualified for IFP status. (*See id.*) The Magistrate Judge ordered that Klaysmat file his amended IFP Application within thirty days and that his failure to do so could result in a recommendation that his Complaint be dismissed without prejudice. (*Id.* at 2.)

Klaysmat never did file an amended IFP Application. Instead, he requested a hearing on his intial IFP application. (Doc. No. 5.) On February 27, 2025, the Magistrate Judge issued the R&R, in which he recommends that the Court (1) deny the still-incomplete IFP Application; (2) deny Klaysmat's request to have a hearing on the merits of the incomplete IFP Application; and (3) dismiss this action under Federal Rule of Civil Procedure 41(b) due to Klaysmat's failure to prosecute it (i.e., by failing to file an amended IFP Application as ordered). (*See generally* Doc. No. 6.)

**DISCUSSION**

Klaysmat now objects to the R&R on grounds that the Magistrate Judge erroneously denied his request for a hearing on the IFP Application. The Court conducts a de novo review of any portion of an R&R to which a party makes specific objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court gives the filings and objections of self-represented litigants liberal construction. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). As discussed below, the Court will overrule Klaysmat's Objection.

In his Objection, Klaysmat asserts that the Magistrate Judge erred by denying his motion for a hearing on the initial IFP Application because he "ha[s] two SSI #" and because he moved for the hearing. (Doc. No. 7.) However, the IFP Application that was before the Magistrate Judge specifically asked whether Klaysmat received "Disability" income, "such as from social security, insurance payments." (Doc. No. 2 at 2.) In response, Klaysmat wrote "$0." (*Id.*) The new information provided by Klaysmat in his Objection—that he "ha[s] two SSI #"—contradicts the representation on the initial IFP Application that he receives no SSI income.

If Klaysmat indeed receives social security payments, this information is relevant to the Court's determination whether he qualifies for IFP status. However, this information is not properly presented to the Court at a hearing. Instead, as previously advised by the Magistrate Judge, Klaysmat must put any information about his income sources before the Court in a sworn IFP Application. Thus, the Court cannot agree with Klaysmat that the Magistrate Judge erred by denying his motion for a hearing on the IFP Application or for concluding that Klaysmat's failure to file an amended IFP Application required dismissal

of this action for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with . . . any court order.").

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Court OVERRULES Plaintiff Eric A. Klaysmat's Objection (Doc. No. 7) to the R&R.

2. The R&R (Doc. No. 6) is ADOPTED.

3. This action will be DISMISSED WITHOUT PREJUDICE.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court